UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS LESLIE,

                        Petitioner,

                                                    DECISION AND ORDER

                                                    08-CV-6301L

         v.

MARTIN HERRION,

                        Respondent.
_____

      Petitioner, Nicholas Leslie ("Leslie"), commenced a habeas corpus proceeding pursuant to 28 U.S.C. § 2241 challenging his detention pending removal from the United States pursuant to a final immigration order of removal. There are several motions pending. Leslie moved to amend the petition (Dkt. #3) and then moved for judgment on the pleadings (Dkt. #8) for defendant's failure to answer. Defendant then filed a memorandum (Dkt. #12) in opposition to both of plaintiff's motions and have cross moved for judgment in their favor. Defendant has also submitted an affidavit of Deportation Officer Donald J. Vaccaro (Dkt. #13).

      Leslie, who had gained entry to this country in 2000 on a non-immigrant visa, was convicted in New York Supreme Court of criminal sale of a controlled substance and was sentenced to a term of imprisonment of 3 to 9 years. While incarcerated, he was served with proceedings for removal because he had overstayed his visa and because he had been convicted of an aggravated felony.

Once Leslie completed his sentence in 2006, he was transferred to the custody of respondent, Immigration and Customs Enforcement ("ICE") for removal proceedings. On October 30, 2006, an immigration judge ordered Leslie deported to Jamaica and that order was affirmed on February 12, 2007 by the Board of Immigration Appeals.

ICE requested an appropriate travel document from Jamaica but Jamaican authorities refused since Leslie had claimed United States citizenship and because Leslie had refused to complete the necessary documents for issuance of a Jamaican travel document. Leslie continued to balk at providing accurate information and eventually he was charged in a criminal complaint with providing false information to the Government under 8 U.S.C. § 1253(a) and 18 U.S.C. § 1001(a). Leslie was then detained on the criminal charge in the custody of the United States Marshal Service.

On November 5, 2007, Leslie pleaded guilty in the United States District Court for the Western District of New York to a one-count felony information charging him with making a false statement, specifically that Leslie knowingly had claimed he was a citizen of the United States when in truth and fact he was a citizen of Jamaica. Leslie was sentenced to time served with a three year term of supervised release. In December 2007, Leslie was returned to ICE custody where he remains today.

Officer Vaccaro sets forth in great detail the numerous attempts that had been made to obtain Leslie's compliance with the request to provide information so that a Jamaican travel document can be obtained. Leslie has obtained numerous warnings and directives but has steadfastly refused to cooperate to verify his identity and his Jamaican citizenship.

The Government contends that Leslie's detention and the period of removal has been extended several times on account of Leslie's refusal to cooperate in obtaining the requested travel documents from Jamaica. The statute, 8 U.S.C. § 1231(a)(1)(C) provides that the removal period may be suspended if an alien fails or refuses to make application in good faith for travel documents necessary to effect his removal and departure. According to Vaccaro, numerous Jamaican individuals have been removed but, in Leslie's case, it is his own refusal to cooperate that has precluded his timely removal.

The United States Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678, 699-700 (2001) has authorized detention after entry of a final order of deportation for a period reasonably necessary to accomplish the alien's removal. The Court recognized that six months is a presumptively reasonable period to allow the Government to obtain removal. But the court held that detention for a longer period is appropriate unless it is determined that there is no significant likelihood of removal in the reasonably foreseeable future.

In this case, the Government contends that Leslie has failed to demonstrate that there is no likelihood of removal in a reasonably foreseeable time. That is because it is Leslie and not the Government that has delayed the matter. The regulations governing such matters specifically provide that the agency may consider the alien's failure to cooperate. It is the affirmative obligation of an alien to make application in good faith for travel and other documents necessary to effect his departure.

In this case, Leslie has been cited numerous times for failure to cooperate and in fact has pleaded guilty to a criminal charge for making false statements which obstructed and prevented his deportation.

Based on the papers submitted, it is clear that Leslie's motion for judgment on the pleadings must be denied. Leslie has failed to demonstrate his entitlement to release.

Furthermore, respondent is entitled to judgment since it is clear that Leslie's continued detention is of his own making. He holds the keys to his release from custody by taking reasonable steps to obtain the necessary travel documents for his return to Jamaica. I agree with the Government that *Zadvydas* does not require a different result. The Government also cites numerous cases in its Memorandum which support the tolling of the removal period based on an alien's refusal to cooperate.

CONCLUSION

Petitioner's motion to amend the petition (Dkt. #3) and for judgment on the pleadings (Dkt. #8) and his motion to amend the petition (Dkt. #9) are all denied.

Respondent's cross-motion for judgment on the pleadings (Dkt. #12) is granted and the petition for habeas corpus release is in all respects denied and the petition is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 6, 2010.